# MEMORANDUM

# UNITED STATES DISTRICT COURT

FILED
JUL 25 2023

Date: July 25, 2023
To: Counsel
Re: U.S. v. Plunkett, 22 CR 10042
From: Judge Kornmann

    I almost never become angry when reading a presentence investigation report. That does not apply in this case. This is by far the most outrageous financial fraud case I have seen in the 28 years I have been a judge.

    The defendant exhibits traits of a selfish cold-hearted fully dishonest person with pervasive criminal thinking. She has been dishonest and committing one crime after another for at least 10, probably 14, years. Each theft was and is a separate crime. Any thought that she has a criminal history category of I is totally without merit. She has a criminal history category of not less than VI. She is, in fact, off the chart. The financial and collateral consequences to the victims is beyond belief. There is untold damage to the relationships of grandparents and grandchildren. The schemes here were very sophisticated. After being discovered as a criminal, she did not cooperate with the victims in trying to bring their business affairs into proper order. She obstructed such efforts.

    Shelly and Doug Root must suspect that Dominic Plunkett had to have some inclinations of theft, given that the defendant stole over $686,161. That is without calculating interest which would also be due. After all, where did he think the source of all this money was?

    She claims unknown medical bills. She does not explain whether and what bills were covered by insurance. In fact, she explains nothing as to where all this money went all these years.

    The defendant states that she is "working on" some unknown plan to pay restitution. Yet the monthly net cash flow of Dominic and the defendant is $120. Thus far, she has paid nothing and has not offered any feasible plan. I question and will question whether there has been proper acceptance of responsibility. It is the burden of the defendant to prove that she has accepted responsibility.

    This will give notice that I will be considering a substantial upward departure based on an inadequate criminal history category. Regardless of the Federal Sentencing Guidelines, I will be looking at a substantial departure based on 18 U.S.C. 3553. I will be looking at subsection (a) in considering the nature and circumstances of the offense and the history and characteristics of the defendant.

   The defendant should plan on immediately going into the custody of the U.S. Marshals Service following the sentence hearing. She will clearly not be allowed to voluntarily self-report.

   If you have any questions, please let me know. Thank you for your attention to this matter.

                 *Charles B. Kornmann*
                 CHARLES B. KORNMANN
                 UNITED STATES DISTRICT JUDGE
                 United States Courthouse
                 102 Fourth Avenue SE, Suite 408
                 Aberdeen, SD 57402

cc: Clerk
   Susan Margolies