UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>REVA PLUNKETT,<br><br>Defendant. | 1:22-CR-10042-CBK<br><br>ORDER REGARDING MOTION FOR<br>REDUCTION OF SENTENCE |

Defendant moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2) based upon Part B of Amendment 821 of the Federal Sentencing Guidelines. Defendant was sentenced on July 31, 2023, to 94 months imprisonment for wire fraud. Defendant was also sentenced to $686,161.92 in restitution. Defendant's total offense level was 23 and, together with a criminal history category of I, her guideline range was 46 – 57 months. This Court found that the defendant's criminal history category substantially underrepresented the seriousness of the defendant's criminal history and the likelihood she would commit other crimes and imposed an upward departure pursuant to USSG 4A1.3 to criminal history category VI. The guideline range increased to 92 – 115 months. She was sentenced at the bottom of that guideline range.

Defendant's motion for a reduction of sentence is based upon Part B, Subpart 1 of Amendment 821, effective November 1, 2023. Part B1 created a new guideline at U.S.S.G. § 4C1.1 which retroactively provides for a decrease in offense level for certain "zero-point" offenders who received no criminal history points and whose offense did not involve any of ten aggravating factors.

Defendant was a zero-point offender. She does not qualify for an Amendment 821 reduction however, because she does not meet all eleven criteria set forth in U.S.S.G. § 4C1.1(a). Specifically, the award of an adjustment is dependent upon "the defendant

did not personally cause substantial financial hardship." U.S.S.G. § 4C1.1(a)(6).
Defendant stole a total of $686,161,92 from family members' businesses over the course
of seven years. Doug and Shelly Root own Doug's Anchor Marine, Inc., and
Brotherhood Arms. Doug Root submitted a victim impact statement setting forth that the
thefts "wiped out the earnings from 2014 – 2019."

> You have her charged with 13 counts, but she wrote herself 64 checks in the last 5 years. She stole as much money as she could, alienated many customers, never sent bills to the people for services, ran off any employee that got close to catching her, traded out our services for her own personal bills. After all the theft she tried her best to damage us by not giving us the pass codes to the online accounts. Refused to give us the face book log in (sic) so we had to cancel the account and start a new account losing over 1000 followers.
>
> * * *
>
> Her crime started to surface in 2019 when Doug's Anchor Marine's inventory was overstated by $1,250,000. This wiped out the earnings from 2014-2019. In 2020 it was discovered that the inventory at Brotherhood Arms was overstated by $600,000 and in 2021 we found that Doug's inventory was overstated again by $906,000. She elevated the inventory to cover her theft. Her real theft was closer to $2,756,000.
>
> * * *
>
> Businesses are valued by their earnings and assets. She stole all the income from 2014 through 2022 Plus. We have the business listed for sale. Anyone that looks into it says it doesn't make any money and is only worth asset value. I can't sell it for enough money to pay off the debt. I worked 32 years to build this business and now maybe (sic) forced into bankruptcy. Losing everything I have worked for my entire life. She has forced me into a life of servitude in a business I have grown to hate. I can't sell it for enough money to cover its debts and I can't work long and hard enough to pay the overhead.

Guidelines § 4C1.1(b)(3) instructs: "In determining whether the defendant's acts
or omissions resulted in "*substantial financial hardship*" to a victim, the court shall con-
sider, among other things, the non-exhaustive list of factors provided in Application Note
4(F) of the Commentary to §2B1.1 (Theft, Property Destruction, and Fraud)." USSG
§ 4C1.1(b)(3) (emphasis in original). That application Note provides:

2

(F) **Substantial Financial Hardship.**—In determining whether the offense resulted in substantial financial hardship to a victim, the court shall consider, among other factors, whether the offense resulted in the victim—

(i) becoming insolvent;
(ii) filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);
(iii) suffering substantial loss of a retirement, education, or other savings or investment fund;
(iv) making substantial changes to his or her employment, such as postponing his or her retirement plans;
(v) making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and
(vi) suffering substantial harm to his or her ability to obtain credit.

USSG § 2B1.1, Application Note 4(F).

Defendant caused substantial loss in the value of the businesses, and consequently substantial loss in the value of the victims' retirement funds. They had to postpone retirement and continue to work. Both victim impact statements lamented that they will be 80 years old before they receive anything other than negligible monthly restitution payments.

I find that defendant does not qualify for a reduction pursuant to Amendment 821.

Now, therefore,

IT IS ORDERED that the motion for reduction of sentence, Doc. 63, is denied.

DATED this ___4th___ day of August, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

3